IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DONALD DEAN HORN                                                                           PLAINTIFF

v.                                    Civil No. 2:23-02040-PKH-MEF

JAIL ADMINISTRATOR SHANE DAVIS,                                                       DEFENDANTS
SGT. MERCEDES ANDERSON, and
JAILER NICHOLAS HAYNES

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.   BACKGROUND

Plaintiff filed his Complaint on March 21, 2023. (ECF No. 1). Plaintiff is currently incarcerated in the Scott County Detention Center and alleges his constitutional rights were violated at the facility. (*Id*. at 1-2, 4). Specifically, Plaintiff alleges that on February 13, 2023, Defendant Haynes gave him the wrong blood pressure medication at morning pill call. (*Id*. at 4-5). Plaintiff alleges the blood pressure medication he was given was "much stronger" than he usually receives. (*Id*. at 5). He further alleges "nothing was done to correct it at that time, or any

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

other time."² (*Id*.). He alleges he was disoriented, confused, sluggish, and it was "hard to wake up" after taking the incorrect medication. (*Id*.). Plaintiff does not mention Defendants Davis or Anderson in the text of his claim.

Plaintiff proceeds against Defendants in their official and individual capacity. (*Id*.). As his official capacity claim, Plaintiff states the jail has no medical staff "at all" and Defendants Haynes was not properly trained in any medical field. (*Id*.). He seeks compensatory damages, stating all three Defendants should be held responsible. (*Id*.).

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting

---

² Plaintiff does not allege that he was given the wrong medication on another time or date, so the Court will interpret this statement to mean that nothing was done at any later time to correct the mistake made during the pill call.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

#### A. Defendants Davis and Anderson

Plaintiff's claims against these Defendants are subject to dismissal. "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. Plaintiff has not alleged a causal link between either of these two Defendants and his claims. *See Martin*, 780 F.2d at 1337 (even a pro se Plaintiff must allege specific facts sufficient to state a claim).

#### B. Defendant Haynes

Plaintiff's claim that Defendant Haynes was not medically trained to pass out medication fails to state a plausible constitutional claim. *See, e.g., Griggs v. Livermore*, No. 13–5133, 2014 WL 979197 (W.D. Ark. Mar. 13, 2014) ("There is no constitutional requirement that medication be disbursed only by trained medical personnel"); *Booker v. Herman*, 2006 WL 2457230, *5 (N.D. Ind. Aug. 22, 2006) ("While it might be a good practice, tradition, or even state law to require that only medical staff can deliver medication, the Constitution does not prohibit guards from distributing medication to inmates. This allegation states no claim upon which relief can be granted.").

Plaintiff's claim that Defendant Haynes gave him the wrong blood pressure medication on a single occasion also fails to state a plausible constitutional claim. The facts do not support a finding that Defendants Haynes acted with deliberate indifference. Rather, at most, the allegations suggest only negligence on Defendant Haynes' part. Negligence does not support a constitutional claim. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (simple or even heightened negligence insufficient to establish deliberate indifference); *Crites v. Bunt*, No. 14–cv–00540, 2014 WL 2738432, *6 (S.D. Ill. June 17, 2014) (Giving an inmate the wrong medication on a single occasion at most supports a finding that the officer was negligent).

### IV. CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3), the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of March 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE